### In re RAYFORD TRUCK & TRACTOR CO., Inc.

(District Court, E. D. Pennsylvania. June 13, 1918.)

No. 6259.

1. BANKRUPTCY ☞196—LIENS—LIENS INVALIDATED BY ADJUDICATION.

   A Pennsylvania creditor, asserting a lien eight months after a levy under a fi. fa. execution, cannot sustain the same as against the debtor's trustee in bankruptcy, on the theory that Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544) recognizes the existence of such liens, because it avoids only the liens of executions issued within the four months period, or that, as the trustee succeeds to the rights of plaintiffs in execution assumed to have been issued at the time the bankruptcy proceedings were instituted, and as all such executions if in fact issued would be avoided, the trustee in reality succeeded to nothing.

2. EXECUTION ☞146(1)—LEVY—DELAY—LIEN.

   Where a Pennsylvania creditor delayed eight months after levy of execution, the debtor meantime making payments on account, such delay, in the absence of other justification, raises a presumption of such fraud as will deprive the creditor of his priority, for the writ of execution can only be issued to authorize a sale, and the lien of the levy is intended to continue only during the time reasonably necessary for that purpose.

3. EXECUTION ☞146(1)—LEVY—DELAY—BURDEN OF EXPLANATION.

   A Pennsylvania execution creditor has the burden of explaining any unusual delay after levy, and, in the absence of justification, a presumption of such fraud as will deprive the creditor of his priority will follow the fact of unusual delay.

4. BANKRUPTCY ☞228—REFEREE—ORDERS—PRESUMPTION.

   Where a referee in bankruptcy denied a creditor's claim to a lien by reason of levy of execution more than eight months before bankruptcy, it will be presumed that the delay was not justified, for on petition to review an order of the referee there is an implication of a fact finding adequate to support the order made.

In Bankruptcy. In the matter of the bankruptcy of the Rayford Truck & Tractor Company, Incorporated. Sur certificate of referee for review. Order of referee affirmed, and petition to review denied.

Byron, Longbottom & Pape, of Philadelphia, Pa., for petitioner.
Clinton A. Sowers, of Philadelphia, Pa., for bankrupt.

DICKINSON, District Judge. The question involved in this controversy is whether under the law of Pennsylvania a levy under a fi. fa. execution can be held indefinitely and be effective to preserve the lien of the execution as against subsequent execution creditors. The referee held that it could not, and applied the corollary principle that

a lien thus attempted to be asserted will not be recognized in bankruptcy. Under the facts of this case the lien is attempted to be asserted eight months after the levy. Except for the later rulings of the courts of Pennsylvania, which the courts of the United States have accepted and followed, we would not deem the question open to discussion. These later rulings, however, justify counsel for petitioner in his effort to distinguish the instant case from others in which the courts have refused to uphold the asserted liens of executions.

[1] We are in full accord with the referee in his refusal to accept of propositions advanced in the course of the argument on behalf of the execution creditor. One is that the bankruptcy act recognizes the existence of the lien claimed because it avoids only the liens of executions issued within the four months period. We are not concerned with the question of what liens are avoided by the statute, but with the other question of whether this creditor had a lien at the time of the institution of the bankruptcy proceedings through which he can successfully assert a preference. If he had such a lien, it is admitted that the bankruptcy law does not avoid it.

[2-4] The other proposition, that as the trustee succeeds to the rights of plaintiffs in executions assumed to have issued at the time bankruptcy proceedings were instituted, and as all such executions, if issued, would be avoided by the statute, therefore the trustee in bankruptcy succeeded to nothing, is supported by a line of reasoning too refined to be practically followed. The doctrine which the referee has applied, and which has undoubted support in the earlier cases, is one which is founded not upon a finding of fraud in fact, but fraud in law. In other words, the plaintiff lost as against other execution creditors the lien of its levy, not because the levy was intended to defraud other creditors, but because of the policy of the law not to permit the use of executions for other than legitimate purposes, and levies made to secure and hold a lien could easily be made to hinder and delay other creditors.

It must be admitted, however, that the case of Platt v. Groves, 193 Pa. 475, 44 Atl. 571, threw a new light upon the test by which we are to determine whether the lien of a levy remains or is lost. This new test has been accepted by the courts of this circuit as the one to be applied. In re Lynch (D. C.) 210 Fed. 558. "The test is good faith and actual hindrance of others." Just what does this mean? The present petitioner asserts that its levy was made "for the purpose of collecting the money," and proof of this intention is found in the fact that pending the levy the plaintiff received from the defendant substantial payments on account. Good faith and honesty of purpose and intention in this sense must be conceded.

Under the earlier line of cases the question was, not with what purpose was the levy made, but with what purpose was the writ held unexecuted? The writ could be issued only for one lawful purpose, to wit, to authorize a sale, and the property of the defendant could be held under the lien of the levy only to preserve the lien pending the time reasonably required for the purposes of a sale. There could be no pretense that as long a period as eight months would be so required.

Why, then, was the levy held? There can be but one answer, and that is to secure a preference over any other creditor who might also issue an execution. This involves both the purpose and effect to hold off other creditors. In the Platt Case there was a finding by the auditor upon which the court based its ruling, and in the Lynch Case there was a like finding by the referee upon which the court based a like ruling. The now accepted doctrine would seem to be that, in the language of the then Mr. Justice Mitchell:

"Any stay or unusual delay of the proceedings, etc., gives rise to a presumption of want of good faith. * * * Such acts, however, are not frauds per se, but only evidence of fraud, which may be rebutted, and, if the creditor's delay is shown to be in good faith and in furtherance of a genuine intention to collect his debt, he will not be postponed."

It would seem from these rulings that a finding of such fraud as will deprive the execution creditor of his priority will follow the fact of unusual delay, and that the burden is upon the plaintiff in the execution to justify the delay. In the absence of such justification, the delay is fatal. Neither the referee nor counsel for the trustee have discussed the cases above cited. Why this is does not appear, as they have fully discussed the other cases. It may be they were not brought into the discussion until the argument in support of the petition for review. Nor is there any specific fact finding by the referee. The petitioner, however, is supported neither by a finding nor by any evidence which would support a fact finding in its favor. The order of the referee implies a fact finding adequate to support the order made. There is, therefore, nothing returned with this record which would justify us in revoking the order made.

It is in consequence confirmed, and the petition for a review is denied.